IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Dustin Andrews, | ) | |
| | ) | C.A. No. 7:17-cv-00586-MGL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| FedEx Freight, Inc., | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Dustin Andrews (hereinafter "Plaintiff") requested that Defendant FedEx Freight, Inc. (hereinafter "FedEx") produce documentary material in this matter. FedEx subsequently asserted privilege and objected to the release of its Driver's Manual ("the Manual") of it on the basis that such materials are confidential and proprietary. Consequently, Plaintiff and FedEx agreed to a consent protective order in this matter that would allow the Plaintiff to obtain the Manual.

## PURPOSE OF PROTECTIVE ORDER

The purpose of this Protective Order is to facilitate the release and/or use of the Manual, while protecting the confidentiality of this material.

## PROTECTIVE ORDER

The parties stipulate that the Manual is protected, and therefore, the disclosure and use of that information shall be conducted pursuant to the following conditions:

(1) **Non-Disclosure Requirement**: Except as provided herein, neither the Manual nor any of the information contained therein shall be disclosed or used by anyone or by any entity for any purpose, without FedEx's explicit written consent.

    (A) **Specifically Precluded Uses**: It is specifically understood and agreed that the Manual shall not be used/disclosed for any data base, index, or similar compilation maintained by any person or entity. It is specifically understood and agreed, however, that the foregoing shall not prohibit the Plaintiff or his attorney from summarizing or compiling the Manual for use in the instant matter only.

    (B) **Specifically Allowable Uses, Disclosures, and Maintenance**: It is specifically understood and agreed that the Manual may be used, and/or disclosed, and/or maintained, without FedEx's consent as may be required to comply with state or federal laws/rules, and court, arbitrator, or administrative order (including subpoenas duces tecum), and in relation to any claim, litigation, and/or proceeding arising out of the alleged injuries that the Plaintiff sustained as a result of the incident that occurred on June 5, 2015, (hereinafter "Subject Incident"), including the following:

        (1) for the subject case, including for evaluation, investigation, negotiations, mediation, arbitration, litigation, and/or claims handling;

        (2) for subrogation and reimbursement matters concerning the Subject Incident, such as subrogation or reimbursement clams for workers' compensation liens, medical liens, or other insurer's claims for subrogation, reimbursement, or contribution relating to the Subject Incident;

> (3) for any record keeping requirements or obligations relating to any of the forgoing, and pertaining to the Subject Incident;

The above-noted permissible uses, disclosures, and maintenance provisions are not intended to circumvent the intent of this Order to protect the Manual, and are not intended to unreasonably limit a party's or their counsel's or insurer's record-keeping obligations or requirements. Plaintiff and/or his attorney, or insurers may request that additional permissible categories of uses, disclosures, or maintenance be added. FedEx shall not unreasonably withhold consent, provided that the additional categories requested are consistent with the intent of this Order.

(2) **Acknowledgment Requirement**: In order to protect the Manual under this Order, any counsel, employees of the Plaintiff, or agent or employee of any recipient who intends to disclose the Manual to anyone other than the Plaintiff or Defendant, or their attorneys or employees ("Others"), for substantive purposes, shall first provide such Others a complete copy of this Order and shall obtain from such Others a signed Acknowledgment of the requirements of this Order in the form attached as Exhibit A. With respect to the Plaintiff's insurer, an Acknowledgment signed by an authorized representative shall suffice. A signed Acknowledgment is not required for disclosure to the court, mediator, arbitrator, or jury as related to any case, claim, proceeding arising out of the Subject Incident.

(3) **Procedures for Filing Materials**: In the event that the Plaintiff intends to file or disclose the Manual or any part thereof in any public filing, they will give the Defendant ten (10) days' notice of such intention, including specific information that the Plaintiff intends to file or disclose. This Order does not require or preclude the sealing of the Manual. If

Defendant believes that any part of the Manual requires additional protection of filing with the Court under seal, Defendant shall identify the specific sections or parts to the Plaintiff as soon as practical, but no later than ten (10) days after such notice. If within two (2) weeks after the Defendant's identification, the parties are unable to agree as to the extent of additional protection, if any, to be applied, Defendant shall file an appropriate motion with the Court for a determination as to whether, and to what extent, the Manual provisions identified by the Defendant shall be sealed or otherwise further protected. The parties shall exercise good faith efforts to carry out the provisions or this Order. It is further agreed that submissions of the Manual for the purposes of Arbitration, Mediation, or settlement communication are not to be considered public disclosures of those documents.

(4) **Return or Destruction of All Copies**: Within ninety (90) days after the final conclusion of the above-captioned case by fully-executed non-litigation settlement agreement, filed stipulation for dismissal with prejudice, or final judgment (i.e., a judgment as to which the time for appeal has run), Plaintiff, at his counsel's option, shall either return to Defendant's counsel or destroy the Manual. Counsel for the Plaintiff shall provide written confirmation to Defendant's counsel that counsel for the Plaintiff has destroyed and/or returned all copies of the Manual, and made a good faith effort to confirm that Others have destroyed all copies of the Manual.

This paragraph shall not apply to copies of the Manual retained by insurance carriers, law firms, courts, and court reporters for the specifically allowable uses, disclosures, and maintenance stated in paragraph 1(B) above.

(5) **Jurisdiction and Governing Law**: This Court shall have the jurisdiction to enforce and/or modify this Order in accordance with the Federal Rules of Civil Procedure and South Carolina law. Subject to any contrary provision of South Carolina or federal law, no citation, contempt or other sanction shall be imposed pursuant to the Federal Rules of Civil Procedure without a hearing and proof, to the satisfaction of the Court, of a material breach of this Order.

(6) **Continuing Enforceability**: All provisions of this Order shall continue to be binding after conclusion of the above-entitled case, unless otherwise agreed by the parties or ordered by a Court.

**AND IT IS SO ORDERED.**

                                                s/Mary Geiger Lewis
                                                The Honorable Mary Geiger Lewis
                                                U.S. District Judge

October 17, 2017
Columbia, South Carolina


WE CONSENT:

s/Charles J. Hodge
Charles J. Hodge, Esq.
Hodge & Langley Law Firm, P.C.
P.O. Box 2765
Spartanburg, SC  29304

*Attorney for Plaintiff*

s/Robert T. Green
Robert D. Moseley, Jr. (Bar No. 64084)
Robert T. Green (Bar No. 100308)
2 W. Washington Street, Suite 1100
Greenville, South Carolina 29601

*Attorneys for Defendant*

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

EXHIBIT A

Re: *Dustin Andrews v. FedEx Freight, Inc.*
C.A. No. 7:17-cv-00586-MGL

    I have read and I understand the Protective Order ("Order") regarding the use and disclosure of the Driver's Manual. I hereby certify my understanding that access to Protected Materials is provided to me pursuant to the terms and restrictions of the Protective Order in this proceeding. I understand that I (and my agents and employees) am/are bound to comply with the terms of the Order. I understand that the contents of the Protected Materials, any notes or other memoranda, or any other form of information that copies or discloses Protected Materials shall not be disclosed to anyone other than in accordance with the Protective Order.

Dated: _____

_____        _____

GREENVILLE 1501705